IN THE 11th JUDICIAL COURT IN AND FOR MIAMI-DADE COUNTY FLORIDA

ARLEEN HANNA
Plaintiff(s),

CASE NO.:22-16559CA-01
CIRCUIT-DIVISION

vs.

MIAMI-DADE COUNTY HOUSING AUTHORITY SECTION 8
NAN MCKAY AND ASSOCIATES
Defendant(s).

**FIRST AMENDED COMPLAINT**

Plaintiff (s) ARLEEN HANNA sue(s) the Defendant(s) MIAMI-DADE COUNTY HOUSING AUTHORITY SECTION 8 and NAN MCKAY and ASSOCIATES for damages, FIVE MILLION DOLLARS ($5,000,000.00), inclusive of costs, pre/post interest and Attorney's fees (if appropriate) and allege(s):

**COMES NOW** the Plaintiff ALREEN HANNA, and files this Complaint under F.S. § 92.12 to breach of contract against "MIAMI-DADE COUNTY HOUSING AUTHORITY SECTION 8" hereinafter referred to as "M.D.C.H.A SECTION 8" and "NAN MCKAY and ASSOCITATES, INC." hereinafter referred to as "MCKAY" and as grounds thereof states as follows:"

1. The Plaintiff ARLEEN HANNA was and continues to be resident of MIAMI-DADE COUNTY, State of Florida and is otherwise *Sui Juris*

2. The Defendant(s) "M.D.C.H.A SECTION 8" is a Florida Corporation, registered in the State of Florida and as such engages in business in or around the State of Florida.

3. The Defendant(s), 'M.D.C.H.A. SECTION 8" is a Florida Corporation, registered in State of Florida and as such engages in business in or around the State of Florida.

4. The Defendant(s) M.D.C.H.A. SECTION 8 and MCKAY are subject to the jurisdiction

of the Court, under Florida Statute § 48.193, including: (i) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this State and County of MIAMI-DADE; (ii) breaching a contract within State, (iii) engaged in substantial and not isolated activity within the State, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the Courts of the State, whether or not the claim arises from that activity.

5. Venue is proper in MIAMI-DADE COUNTY, Florida because the cause of action and acts and omissions accrued in MIAMI-DADE COUNTY, Florida.

6. The Court has personal jurisdiction over the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY pursuant to F.S. § 48.193 (1) (a) (1), F.S. § 48.193 (1) (a) (2) and F.S. §48.193 (1) (a) (7) as Defendant(s) M.D.C.H.A SECTION 8 and MCKAY operate, conduct engage in and carry on business in this state Defendant(s) M.D.C.H.A SECTION 8 and MCKAY has committed tortious acts against the Plaintiff ARLEEN HANNA which have caused substantial injuries to the Plaintiff ARLEEN HANNA within the State of Florida and Defendant(s) M.D.C.H.A SECTION 8 and MCKAY have breach a contract in the state by failing to perform acts required by the contract to be performed in this state.

### PROCEDURAL REQUIREMENTS

7. All conditions precedent has been satisfied, waived or excused before the filing of this lawsuit.

### COUNT I

### BREACH OF CONTRACTS AS TO ALL DEFENDANT(s)

8. On or around September 13, 2018 the Plaintiff ARLEEN HANNA and Defendant(s) M.D.C.H.A SECTION 8 and MCKAY entered into a certain Agreement for M.D.C.H.A

SECTION 8 took acceptance of said agreement, which revolved around a certain theme of "Change of Dwelling." Which affected the Voucher holder BERNICE COLBERT-BUTLER not a party to this litigation.

9. Once details of said contract had been concluded then it called for specific performance on the part of the Defendant(s) M.D.C.H.A SECTION 8 and MCKANY, as the contract recites very clearly that the Defendant(s) M.D.C.H.A. SECTION 8 and MCKAY were to place the aforementioned the Voucher holder BERNICE COLBERT-BUTLER in possession of the dwelling within (30) THIRTY-DAYS, as required by H.U.D guidelines.

10. Moreover, once the (30) THIRTY-DAYS period had lapsed and the Voucher holder failed to take possession of the property, none the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY gave any consequential notice as mandated by H.U.D regulation, to this § 982.5 Notices required by this part, which in clear language states:
"Where §982 requires any notice to be given by the P.H.A. the family or the owner the must be in writing."

11. Because of the egregious actions on the part of both Defendant(s) M.D.C.H.A. SECTION 8 and MCKAY caused the Plaintiff ARLEEN HANNA, has suffered irreparable financial has as well as undue distress.

**WHEREFORE**, Plaintiff ARLEEN HANNA moves the Honorable Court for an entry Judgment for Monetary Damages, plus punitive damages against the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY and for any other relief this Court may deemed just and proper.

# INTENTIONALLY LEFT BLANK

## COUNT II

12. Plaintiff ARLEEN HANNA reavers and realleges paragraphs 1 through 11 as if restate herein.

13. Because the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY omitted, and failed to communicate back important and crucial time sensitive information to the Plaintiff ARLEEN HANNA, Plaintiff ARLEEN HANNA, while falsely relying on the Defendant(s) M.D.C.H.A SECTION 8 integrity, suffered monetary Damages.

14. While Plaintiff ARLEEN HANNA had the property tied up in a P.H.A with the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY, the Plaintiff ARLEEN HANNA was not able to rent her property to anyone else.

15. Because of Defendant(s) M.D.C.H.A SECTION 8 and MCKAY actions, Plaintiff ARLEEN HANNA has suffered irreparable financial harm.

**WHEREFORE**, Plaintiff ARLEEN HANNA moves this Honorable Court for any entry of Judgment for Monetary Damages, plus Punitive Damages against the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY and for any other relief this Court may deem just and proper.

## COUNT III

### NEGLIGENCE AS TO ALL DEFENDANTS

16. Plaintiff ARLEEN HANNA reavers and realleges paragraphs 1 through 11 as if restated herein.

17. Defendants, M.D.C.H.A. SECTION 8 and MCKAY, owed the Plaintiff AREEN HANNA a reasonable duty of care, they had a fiduciary duty to exercise reasonable care, skill, and due diligence in a transaction of business entrusted to them.

18. Defendant(s) M.D.C.H.A SECTION 8 and MCKAY, failed to exercise this duty of care and by choosing to ignore the implication of their actions, while the had a responsibility not to neglect and properly communicate and update the Plaintiff ARLEEN HANNA about changes, addendums etc., as promised and as the had agreed to by the signed contract. "See *Brown v. Roth, 133 N.C. App. 52, 514 S.E.2d 294 (1999)* (Exhibit "A").

## COUNT VI

19. Plaintiff ARLEEN HANNA reavers and realleges paragraph 1 through 11 as if restated herein.

20. Plaintiff ARLEEN HANNA falsely relied to her detriment in a belief that Defendant(s) M.D.C.H.A SECTION 8 and MCKAY, would provide the Plaintiff ARLEEN HANNA updated and informed pertinent to the aforementioned about the M.D.C.H.A SECTION 8 contract.

21. Because the Defendant(s) M.D.C.H.A SECTION 8 and MCKAY were and acted negligently and never provided, neither information or just cause for a change, or termination of the M.D.C.H.A SECTION 8 agreement, Plaintiff ARLEEN HANNA suffered irreparable harm. Plaintiff ARLEEN HANNA has no other remedy under prevailing Law.

22. Plaintiff ARLEEN HANNA reserves the right to add or remove information as it becomes available.

## INTENTIONALLY LEFT BLANK

## COUNT VII

## VIOLATED CIVIL RIGHTS

19. Plaintiff ARLEEN HANNA reavers and realleges paragraph 1 through 11 as if restated herein.

23. The Defendant(s) M.D.C.H.A SECTION 8 and MCKAY **conspired** against the Plaintiff ARLEEN HANNA under **Title 18, U.S.C., Section 241 - Conspiracy Against Rights**, **makes it unlawful for two or more persons to conspire to injure, oppress**, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

24. **Title 18, U.S.C., Section 242** - Deprivation of Rights Under Color of Law

    This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

25. **Title 18, U.S.C., Section 245 (1)** - Federally Protected Activities, a participant in any benefit, service, privilege, program, facility, or activity provided or administered by the United States;
    a participant in any program or activity receiving Federal financial assistance.

26. The Plaintiff ARLEEN HANNA is also requesting leave to amend for any further complaints.

# DEMANDING JURY TRAIL

## COUNT VII

## VIOLATED CIVIL RIGHTS

19. Plaintiff ARLEEN HANNA reavers and realleges paragraph 1 through 11 as if restated herein.

23. The Defendant(s) M.D.C.H.A SECTION 8 and MCKAY **conspired** against the Plaintiff ARLEEN HANNA under **Title 18, U.S.C., Section 241 - Conspiracy Against Rights**, **makes it unlawful for two or more persons to conspire to injure, oppress**, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

24. **Title 18, U.S.C., Section 242** - Deprivation of Rights Under Color of Law

    This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

25. **Title 18, U.S.C., Section 245 (1)** - Federally Protected Activities, a participant in any benefit, service, privilege, program, facility, or activity provided or administered by the United States;
    a participant in any program or activity receiving Federal financial assistance.

26. The Plaintiff ARLEEN HANNA is also requesting leave to amend for any further complaints.

# DEMANDING JURY TRAIL

**WHEREFORE**, Plaintiff "ARLEEN HANNA" moves this honorable Court for an entry of Judgment for Monetary Damages, plus punitive damages, pre-interest and post interest against the Defendants "M.D.C.H.A SECTION 8" and "MCKAY" and for any other relief this Court may deem just and proper.

A. HANNA
P.O.BOX 681275
Miami, FL 33168
786-565-2110

The foregoing instrument was acknowledging before me this, by means of ___✓___, physical presence or _____ on-line notarization, this day of __May 5__, 2023, by

_____,
Signature of Notary Public

SANTIAGO ACOSTA
Notary Public, State of Florida
Commission# HH 318834
My comm. expires Oct 14, 2026
(Notary Seal)

Notary Typed, Printed or Stamped

Personally Known ____, OR Produced Identification, ___✓___, Type of Identification Produced:

__Florida Drivers License__.

I HEREBY CERTIFY that a copy of the foregoing was mailed on or around _____, _____ 2023 to the Defendant(s) MIAMI-DADE HOUSING AUTHORITY SECTION 8 701 N.W. 1st Ct. Miami, FL 33136-3914 16th Floor and NAN MCKAY and ASSOCIATES 155 Office Plaza Dr., TALLAHASSEE, FL 32301-2844