**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-22908-CIV-SMITH**

ARLEEN HANNA,
     Plaintiff,

v.

MIAMI-DADE COUNTY HOUSING
AUTHORITY SECTION 8, *et al.*,
     Defendants.

_____/

**ORDER**

This matter is before the Court on Defendants' Notice of Removal [DE 1] and *Pro Se* Plaintiff's Notice of Pending Motions in State Court [DE 5], which attaches two motions: (1) Motion to Remand or in the Alternative in Objection to Defendant's Motion to Remove ("Motion to Remand") [DE 5-1] and (2) Motion to Withdraw Count VII of the Complaint [DE 5-2]. Defendants thereafter filed an Opposition to the Motion to Remand [DE 6].[1] For the reasons stated below, this matter is remanded to the Circuit Court of the Eleventh Judicial Circuit, in and for, Miami-Dade County, Florida for lack of subject matter jurisdiction.

**I.      BACKGROUND**

This action commenced in state court against Defendants Miami-Dade County[2] and Nan McKay and Associates, Inc. The parties' dispute stems from Plaintiff's inability to house a tenant under the Housing Choice Voucher Program, which is a program administered by Defendants, funded with federal money, and subject to HUD regulations. The initial complaint alleged breach of contract and certain state law torts. Thereafter, Plaintiff amended her complaint to add claims

---

[1] (*See also* Responses in Opposition [DE 13] and [DE 14].)
[2] Defendants state that Miami-Dade County is the correct defendant because "'Miami-Dade County Housing Authority Section 8' does not exist." (Notice of Removal ¶ 3.)

purporting to arise under federal law, namely an alleged violation of Plaintiff's civil rights under 18 U.S.C. §§ 241, 242, and 245(1).[3] Consequently, Defendants filed a Notice of Removal asserting that the Court has jurisdiction over the matter under federal question jurisdiction and could exercise pendent jurisdiction over Plaintiff's state law claims.

## II.    DISCUSSION

As a preliminary matter, "[t]his Court provides *pro se* parties wide latitude when construing their pleadings and papers." *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992) (alteration added; citing *Maldonado v. Garza,* 579 F.2d 338, 340 (5th Cir. 1978); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 260 (5th Cir. 1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). As such, the Eleventh Circuit instructs courts to "use common sense to determine what relief the party desires." *Elliott*, 953 F.2d at 1582 (citing *Simmons*, 542 F.2d at 260). Therefore, the Court construes Plaintiff's Notice of Pending Motions in State Court and its attachments as a timely-filed Motion to Remand and a Motion to File a Second Amended Complaint.

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). As the removing party, Defendants bear the burden of showing the existence of federal question jurisdiction. *See Conn. St. Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). As such, Defendants must demonstrate that Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Defendants may choose to do so by asserting that (1) a federal question is presented on the face of the properly pleaded complaint; (2) a federal claim

---

[3] It appears that the counts in the Amended Complaint are misnumbered, and there is a duplicate Count VII. However, to avoid confusion, the Court will refer to the counts as numbered in the Amended Complaint.

is wrongly characterized as a state law claim under the "artful pleading doctrine;" or (3) the state law claim requires the interpretation of federal law. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 807–10 (1986).

Plaintiff contends the Court should remand the action back to state court because her Amended Complaint does not support a basis for federal question or diversity jurisdiction.[4]  In response, Defendants contend that removal is appropriate because (1) the Amended Complaint asserts a federal question as it alleges violations of Plaintiff's "civil rights" under Title 18; (2) the contract and interpretation of the alleged contractual relationship between Plaintiff and Defendants is governed by federal law and HUD regulations; (3) Plaintiff's allegations may invoke jurisdiction under 28 U.S.C. § 1445(2); and (4) Plaintiff may seek to include additional civil rights claims under additional federal statutes.  (*See* Notice [DE 1] ¶¶ 7, 12; Resp. [DE 6] 2; Resp. [DE 14] 2.) However, none of these grounds invoke federal question jurisdiction.

First, the Amended Complaint does not assert cognizable claims arising under the Constitution, laws, or treaties of the United States.  While Plaintiff's Amended Complaint asserts a claim labeled as "Violated Civil Rights" under 18 U.S.C. §§ 241, 242, and 245(1), these are criminal statutes that do not provide a private right of action for damages.  *See Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (affirming dismissal of plaintiff's claims under 18 U.S.C. §§ 241–242 because these "criminal statutes generally do not provide a private cause of action"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . These statutes do not give rise to a civil action for damages."); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (explaining

---

[4] The Notice of Removal cites federal question as the sole basis for jurisdiction.  Defendants also confirmed this in their Opposition.  (*See, e.g.*, Resp. [DE 6] 2; Resp. [DE 14] 3.)  Accordingly, the Court does not consider whether diversity jurisdiction exists.

that there are no private causes of action under §§ 241, 242, and 245); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (explaining that § 245 is a federal criminal statute that "confers neither substantive rights nor a private right of action for damages").[5] Accordingly, Plaintiff's claims under Title 18 cannot confer federal question jurisdiction.

Second, the mere possibility that Plaintiff's breach of contract claim may involve interpretations of federal regulations is insufficient to confer federal question jurisdiction. *See Merrell Dow Pharms. Inc.*, 478 U.S. at 813 ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *Vill. W. Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp.*, 618 F. Supp. 2d 134, 140 (D.R.I. 2009) ("invocation of federal statutes, regulations or housing contracts that are printed and regulated by HUD—in and of themselves—fall short of conferring § 1331 jurisdiction"). Plaintiff's breach of contract claim is premised on Defendants' alleged failure to provide Plaintiff with written notice that a tenant did not take possession of a property within a 30-day window. Whether there exists a contractual duty to do so is not a substantial federal issue that involves a "pivotal interpretation" of the "validity, construction, or effect of federal law." *See Kunkler v. Fort Lauderdale Hous. Auth.*, 764 F. Supp. 171, 174 (S.D. Fla. 1991) ("The mere fact that plaintiff was a participant in a program created by the federal government, or that HUD regulations apply to the contracts at issue does not require the pivotal interpretation of federal law necessary to confer jurisdiction"). Yet, Defendants contend the contractual relationship between the parties is governed by federal law because "the ability of the Defendant to use federal monies destined for Housing Assistance Payments under

---

[5] Additionally, §§ 241–242 cannot be used to establish a cause of action under its civil counterpart—42 U.S.C. § 1983. *See Cok*, 876 F.2d at 2 (stating that §§ 241–242 is the criminal analogue of 42 U.S.C. § 1983); *Clements v. Chaptman*, 189 F. App'x 688, 692 (10th Cir. 2006) (federal criminal statutes generally do not create rights enforceable under § 1983); *Dugar*, 613 F. Supp. at 852 n.1 (explaining plaintiff cannot use provisions of Title 18 as a "predicate for a section 1983 action.").

the HUD Housing Choice Voucher (HCV) program is governed by HUD regulations set out at 24 CFR Part 982." The Court does not see how Defendants' management of federal monies is relevant to Plaintiff's alleged breach of contract claim (premised on the lack of written notice). Thus, this basis fails to invoke federal question jurisdiction.

Third, Defendants argue removal is proper "*possibly*, depending on the interpretation of Plaintiff's vague allegations, under 28 U.S.C. 1445(2), providing for removal of any action for any act under color of authority derived from any law providing for equal rights." (Resp. [DE 6] 2; Resp. [DE 14] 2 (emphasis added).) The Court assumes Defendants meant to cite to 28 U.S.C. § 1443(2). The Court rejects this basis. This provision is only applicable to "federal officers and to persons assisting such officers in the performance of their duties" and state officers who are prosecuted for refusing "to enforce state laws discriminating . . . on account of race or color." *Brown v. Fla.*, 208 F. Supp. 2d 1344, 1348 (S.D. Fla. 2002) (internal citations omitted). Therefore, this cannot serve as the basis for federal question jurisdiction.

Fourth, the Court rejects the Defendants' assertion that removal is proper because Plaintiff *may* seek to amend the Amended Complaint to assert additional civil rights claims under additional federal statutes. The Court's review is limited to the claims as pleaded in the Amended Complaint. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) ("[a] defendant's right to remove is determined by examining the allegations in the complaint at the time the defendant files the notice of removal" (alteration added; citation omitted)); *Hunter Hosp. LLC*, No. 15-CIV-61235, 2015 WL 5542590, at *12 (S.D. Fla. Sept. 21, 2015) ("courts look to claims in the operative complaint at the time of removal to assess federal subject matter jurisdiction" (citation omitted)). Accordingly, this is not a proper basis to support removal.

The Court further notes the remaining claims are state law claims based on Defendants' alleged wrongful acts that prevented Plaintiff from renting her property.[6]  None of these claims identify a specific federal statute or provision of the United States Constitution that could possibly be at issue.

In sum, the Amended Complaint does not "arise under" the "Constitution, laws, or treaties of the United States" to confer removal jurisdiction under 28 U.S.C. §§ 1331 and 1441.  Thus, removal is inappropriate, and the Court can proceed no further.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."); *Williams v. Aquachile, Inc.*, 470 F. Supp. 3d 1277, 1280 (S.D. Fla. 2020) (remanding action where no basis for federal question appears on the face of the complaint).[7]

Accordingly, it is

**ORDERED** that:

1. This case is hereby **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.
2. All other pending motions not otherwise ruled on are **DENIED as moot.**
3. This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 28th day of March, 2024.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record/*pro se* litigant

---

[6] The Court is unable to ascertain what causes of action Plaintiff is alleging in Counts II and VI.

[7] Because the Court is without subject matter jurisdiction, the Court may not adjudicate Plaintiff's Motion to Withdraw Count VII of the Complaint.